**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

Civil Action No. <u>3:13–cv–00217</u>
Adams et al v. Livingston et al

ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES

1.  Counsel and all parties appearing <u>pro</u> <u>se</u> shall appear for an initial pretrial and scheduling conference before

Judge Gregg Costa
on<u> September 18, 2013</u> at <u>10:15 AM</u>
at United States Courthouse
Sixth Floor Courtroom
601 Rosenberg Street
Galveston, TX 77550

2.  Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u> . If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.  After the parties confer as required by Fed. R. Civ. P. 26(f), counsel and all parties appearing <u>pro</u> <u>se</u> shall prepare and file not less than 10 days before the conference a joint discovery/case management plan containing the information required on the attached form.

4.  The Court will enter a Docket Control Order and may rule on any pending motions at the conference. Counsel should be prepared to argue all pending motions at the conference and at any subsequent hearings in the case.

5.  Counsel and all parties appearing <u>pro</u> <u>se</u> who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

6.  Attendance by an attorney who has authority to bind each represented party is required at the conference.

7.    Counsel must discuss with their clients and opposing counsel how electronically stored information will be produced in discovery and when alternative dispute resolution procedure will be appropriate in this case, and shall advise the Court of the results of these discussions at the conference.

8.    Discovery *may* be conducted prior to the Initial Pretrial Conference if all name defendants have answered.

9.    Counsel will deliver to chambers copies of all instruments filed electronically that exceed 20 pages.

10.    Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

**By Order of the Court**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

Ashley Adams, et al.

               Plaintiff

v.
                                   Civil Action No. 3:13−cv−00217
                                   Judge Gregg Costa

Brad Livingston , et al.

               Defendant

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

      Please restate the instruction before furnishing the information.

1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

2.     List the cases related to this one that are pending in any state or federal court with the case number and court.

3.     Describe what this case is about.

4.     Specify the allegations of federal jurisdiction.

5.     Name the parties who disagree and the reasons.

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.     List anticipated interventions.

8.     Describe any class−action issues.

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10.    State the date the planned discovery can reasonably be completed.

11.    Discuss any discovery issues that may require the Court's attention.

12.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

13.   Magistrate judges may now hear jury and non–jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

14.   State whether a jury demand has been made and if it was made on time.

15.   Specify the number of hours it will take to present the evidence in this case.

16.   Indicate any other issues that deserve the special attention of the Court at the conference.

17.   List the names, bar numbers, addresses, and telephone numbers of *all* counsel.


_____   _____
Counsel for Plaintiff(s)                         Date



_____   _____
Counsel for Defendant(s)                       Date