UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS; and WANDA ADAMS, individually; | § § § § § | |
| CARLETTE HUNTER JAMES, individually and as the representative of the Estate of KENNETH WAYNE JAMES; KRISTY JAMES, KRYSTAL JAMES, KENDRICK JAMES, ARLETT JAMES, JONATHAN JAMES and KENNETH EVANS, individually and as heirs-at-law to the Estate of Kenneth Wayne James, and MARY LOU JAMES, individually, | § § § § § § § § § § | |
| CADE HUDSON, individually and as the representative of the Estate of DOUGLAS HUDSON, | § § § § | |
| PLAINTIFFS | § § | CIVIL ACTION NO. 3:13-cv-217 JURY DEMANDED |
| v. | § § | |
| BRAD LIVINGSTON, individually and in his official capacity, RICK THALER, WILLIAM STEPHENS, ROBERT EASON, DENNIS MILLER, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH | § § § § § § § § | |
| DEFENDANTS | § | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S
MOTION TO DISMISS UNDER FRCP 12(B)(6)**

NOW COMES Defendant, the University of Texas Medical Branch (UTMB), by and through its Attorney, the Attorney General for the State of Texas, and submits this Defendant UTMB's Motion To Dismiss Under FRCP 12(b)(6). In support thereof, the Defendant respectfully offers the following:

1

**I.**
**FACTS**

1.  Plaintiffs are families of former inmates of the Texas Department of Criminal Justice Gurney unit.

2.  Plaintiffs allege that the inmates died because of excessive heat at the Gurney unit, in combination with their pre-existing medical conditions.

3.  Plaintiffs allege that the inmates' medical conditions constitute disabilities under the Americans With Disabilities Act and the Rehabilitation Act.

4.  The University of Texas Medical Branch, Correctional Managed Care, provides medical care to the inmates at the Gurney unit pursuant to state statute and contract. UTMB does not own, operate or control the prison unit premises or buildings.

5.  In their complaint [Dkt.1] plaintiffs allege that UTMB violated the inmates' rights under the ADA and Rehabilitation Acts.

6.  Plaintiffs' complaint includes 143 paragraphs of backgrounds facts regarding the plaintiffs, the absence of air conditioning at the TDCJ Gurney unit, and the resulting heat, in which inmate live and correctional officers work.

7.  At paragraphs 146-155, nine paragraphs, plaintiffs address their complaints against UTMB.

8.  At paragraph 149-150, plaintiffs claim, in summary, that the ADA and Rehab Acts apply to prisons and that the inmates were qualified individuals under the Act.

9.  At paragraph 151, plaintiffs describe the inmates' disabilities as hypertension and or depression, for which they were prescribed medication.

10. Next, also in paragraph 151, plaintiffs make the conclusory legal statement that "UTMB employees intentionally discriminated against them…by failing and refusing to protect

2

them from the extreme temperatures that ultimately ended their lives." Plaintiffs do not, however, allege *any facts* forming the basis of the conclusion that the inmates were discriminated against. Defendant asks that the plaintiffs be ordered to plead with specificity the facts made the basis of their lawsuit alleging discrimination.

11. In paragraph 152, plaintiffs allege that UTMB "failed and refused to reasonably accommodate [the inmates]." However, plaintiffs do not allege what accommodation they believe UTMB failed, or worse, refused, to make to the inmates. In fact, plaintiffs admit at paragraph 60 "[t]hus, UTMB and TDCJ do not know they need to provide any accommodations to a specific prisoner…" Indeed. Defendant cannot even respond to this allegation until it knows what accommodation the inmates sought and were refused. Defendant asks that the plaintiffs be ordered to plead with specificity the *facts* made the basis of their lawsuit alleging the refusal of an accommodation.

12. Similarly, in paragraph 153, plaintiffs allege that UTMB "failed, or refused, to reasonably modify their facilities, services, accommodations, and programs to reasonably accommodate the deceaseds' disabilities." Again, plaintiffs have not identified any *facts* identifying which facilities, services, accommodation or programs UTMB should have modified.

## II.
## PLEADING STANDARD

13. Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (May 18, 2009), pleading standards have seemingly shifted from simple notice pleading to a

3

more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. See also *Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

14. The Supreme Court began its rejection of bare bones pleading in *Twombly,* holding that a pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Phillips, 515 F.3d at 232. The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

15. Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also *Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

16. *Iqbal* centered on a prison inmate's allegations that certain government defendants violated his constitutional rights by discriminating against him on the basis of his religion. The Supreme Court's opinion makes clear that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts. After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See Id. at 1949-50; see also *Twombly*, 550 U.S. at 555, & n.3.

17. In this case, plaintiff have alleged lots of facts, but have not alleged a single fact stating 1) how these inmates were discriminated against by being treated any differently than any other inmates, or even other inmates with the same disabilities; 2) what accommodations, if any, the inmates sought for their disabilities, but were refused or denied; 3) what accommodations, if any, should have been provided without a request, but were denied or refused; or 4) which facilities, programs or services should have been modified by UTMB. These facts are particularly important since defendant will not have an opportunity to depose the inmates about the facts of their disabilities or the accommodations denied. Defendant is not asking that plaintiffs be required to plead their entire prima facie case, only that they plead those facts alleging the basic elements of their causes of action.

5

WHEREFORE PREMISES CONSIDERED, Defendants asks that plaintiffs' case be dismissed for failure to state a claim, or in the alternative, that plaintiffs be ordered to re-plead sufficient facts to identify the elements of their basis causes of action under the ADA and Rehabilitation Acts.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Chief, Law Enforcement Defense Division

/s/ Kim Coogan_____
**KIM COOGAN**
Assistant Attorney General
State Bar No. 00783867
P.O. Box 12548, Capitol Station
Austin TX 78711
(512) 463-2080/ (512) 495-9139 Fax

**Attorneys for Defendant University of Texas Medical Branch**

6

## <u>NOTICE OF ELECTRONIC FILING</u>

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant University of Texas Medical Branch's Motion To Dismiss Under FRCP 12(B)(6)** to the Court, on July 11**,** 2013, in the Southern District of Texas, Galveston Division.

/s/ Kim Coogan
**KIM COOGAN**
Assistant Attorney General


## <u>CERTIFICATE OF SERVICE</u>

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Motion To Dismiss Under FRCP 12(B)(6)** has been served by placing same in the United States Mail, postage prepaid on July 11, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, TX 78702

/s/ Kim Coogan
**KIM COOGAN**
Assistant Attorney General