UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS; and WANDA ADAMS, individually; | § § § § § | |
| CARLETTE HUNTER JAMES, individually and as the representative of the Estate of KENNETH WAYNE JAMES; KRISTY JAMES, KRYSTAL JAMES, KENDRICK JAMES, ARLETT JAMES, JONATHAN JAMES and KENNETH EVANS, individually and as heirs-at-law to the Estate of Kenneth Wayne James, and MARY LOU JAMES, individually, | § § § § § § § § § | |
| CADE HUDSON, individually and as the representative of the Estate of DOUGLAS HUDSON, | § § § § | |
| PLAINTIFFS | § § | CIVIL ACTION NO. 3:13-cv-217 JURY DEMANDED |
| v. | § § | |
| BRAD LIVINGSTON, individually and in his official capacity, RICK THALER, WILLIAM STEPHENS, ROBERT EASON, DENNIS MILLER, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH | § § § § § § § § § | |
| DEFENDANTS | § | |

### DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS UNDER FRCP 12(B)(6)

NOW COMES Defendant, the University of Texas Medical Branch (UTMB), by and through its Attorney, the Attorney General for the State of Texas, and submits this Defendant UTMB's Reply to Plaintiffs' Response To Motion To Dismiss Under FRCP 12(b)(6). In support thereof, the Defendant respectfully offers the following:

1

# I.
# FACTS

1. Plaintiffs are relatives of former inmates of the Texas Department of Criminal Justice Gurney unit.

2. Plaintiffs allege that the inmates died because of excessive heat at the Gurney unit, in combination with pre-existing medical conditions.

3. Plaintiffs allege that the inmates' medical conditions constituted disabilities under the Americans With Disabilities Act and the Rehabilitation Act.

4. The University of Texas Medical Branch, Correctional Managed Care, provides medical care to the inmates at the Gurney unit pursuant to state statute and contract. UTMB does not own, operate or control the prison unit premises or buildings.

5. In their complaint [Dkt.1] plaintiffs allege that UTMB violated the inmates' rights under the ADA and Rehabilitation Acts.

6. Defendant UTMB filed a Motion To Dismiss Under FRCP 12(b)(6). [Dkt. 5].

7. Plaintiffs filed a Response to Defendant UTMB's Motion To Dismiss. [Dkt. 7].

8. Defendant files this short Reply.

# II.
# ADA PLEADING

9. All defendant seeks by its motion is to know what accommodation Adams, Hudson, and James requested, if any, or what accommodation plaintiffs allege UTMB should have provided but didn't. Similarly, defendant would like to know which "policies, practices or procedures" it failed to modify.

10. Plaintiffs erroneously rely upon *Penn. Dep't. of Corrections v. Yeskey*, 524 U.S. 206 (1998) for the proposition that mere confinement in prison is a program or service. *See*

Dkt. 9 at page 6. *Yeskey* held that a prison is a "public entity" within the meaning of the ADA and nothing else.

11. Because prisons are public entities, *Yeskey* held, prisoners are eligible to participate in or receive "benefits, programs, or activities" under the Act.

12. As examples, the Court in *Yeskey* held that a drug addict convicted of drug possession might be required to participate in a drug treatment program, a prison law library is a service of which prisoners are able to take leave, and a motivational boot camp is a program of which an inmate might make use.

13. As long as the jurisdictional requirements of *U.S. v. Georgia*, 546 U.S. 151 (2006) are met, defendant does not contest the applicability of *Yeskey* in this case.

14. Defendant merely asks which program, service or benefit Adams, Hudson, and James were denied access to because they were disabled.

15. Clearly the families of the inmates believe they have been wronged. But, plaintiffs claim that Adams, Hudson, and James were disabled, that TDCJ prisons are not air-conditioned, and that UTMB should have done some un-named thing to prevent his death seems an inadequate pleading under the ADA and Supreme Court law.

WHEREFORE PREMISES CONSIDERED, Defendant asks that plaintiffs' case be dismissed for failure to state a claim under the ADA and Rehabilitation Acts.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Chief, Law Enforcement Defense Division


/s/ Kim Coogan
**KIM COOGAN**
Assistant Attorney General
State Bar No. 00783867
Southern District No. 18364
P.O. Box 12548, Capitol Station
Austin TX 78711
(512) 463-2080/ (512) 495-9139 Fax

**Attorneys for Defendant University of Texas Medical Branch**

## NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendant University of Texas Medical Branch's Reply to Plaintiffs' Response to Motion To Dismiss Under FRCP 12(B)(6)** to the Court, on August 12**,** 2013, in the Southern District of Texas, Galveston Division.

                                              /s/ Kim Coogan_____
                                              **KIM COOGAN**
                                              Assistant Attorney General

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant University of Texas Medical Branch's Reply to Plaintiffs' Response to Motion To Dismiss Under FRCP 12(B)(6)** has been served by placing same in the United States Mail, postage prepaid on August 12, 2013, addressed to:

Jeff Edwards
The Edwards Law Firm
1101 E. 11th Street
Austin, TX 78702

Scott Medlock
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, Texas  78741

Bruce Garcia                 (Via Hand-Delivery)
Office of the Attorney General
300 West 15th, 7th Floor
Austin, Texas  78701

                                              /s/ Kim Coogan_____
                                              **KIM COOGAN**
                                              Assistant Attorney General