UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-217 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
|     Defendants. | § | |

### ORDER OF TRANSFER

    Defendant Texas Department of Criminal Justice (TDCJ) and a number of its employees who are individual defendants filed a motion to transfer venue to the Tyler Division of the Eastern District of Texas. Docket Entry No. 12. This is a wrongful death case involving the death of three individuals at TDCJ's Gurney Transfer Facility in Palestine, which is located in the Tyler Division. After reviewing the briefing, the Court heard oral argument on the motion at the September 18 scheduling conference.

    For the reasons stated in more detail on the record, the Court finds that the Eastern District of Texas, Tyler Division, is clearly a more convenient venue for this matter. In terms of the private factors to be considered in assessing a motion seeking a transfer on convenience grounds, the Court finds that the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and the cost of attendance for willing witnesses all favor transfer. *See In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing factors to consider).

The public interest factors also favor hearing this case in Tyler, in particular the "local interest in having localized interests decided at home." *Id*. Plaintiffs contend that Galveston has a local interest in this case because key policy decisions affecting the decedents were made at Defendant University of Texas Medical Branch (UTMB) in Galveston. Defendants dispute that Plaintiffs have a viable ADA claim against UTMB. But even assuming at this stage that the ADA claim is viable and that UTMB policy will be at issue in this case, the local interest Tyler has in this case far outweighs Galveston's interest. Plaintiffs' argument that Galveston has a stronger local interest in this case because statewide prison medical policy is made here is like saying that Austin has a stronger interest than the rest of Texas in challenges to state laws because they are enacted at the Capitol. The Court disagrees with that proposition, and finds far weightier the local interest in hearing a case in the Division where the three deaths at issue occurred and where the vast majority of defendants who allegedly engaged in unconstitutional conduct reside.

For these reasons as well as those stated on the record, the motion to transfer venue (Docket Entry No. 12) is **GRANTED**. The Court **TRANSFERS** this case to the Eastern District of Texas, Tyler Division.

SIGNED this 23rd day of September, 2013.

_____
Gregg Costa
United States District Judge