IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Ashley Adams., et al** § | | |
| *Plaintiffs*, § | | |
| § | | |
| § | | |
| v. § | Civil Action No. 6:13-cv-712 | |
| § | | |
| § | | |
| **Brad Livingston, et al** § | | |
| *Defendants*. § | Jury Demanded | |

**DEFENDANTS GOINGS, GILMORE, DODD, EDWARDS, MATTHEWS, RAINES AND FLOWERS'S ANSWER AND JURY DEMAND**

NOW COMES Defendants Reginald Goings, Debra Gilmore, Reyvoda Dodd, Doris Edwards, Brandon Matthews, Sarah Raines and Tully Flowers ("Defendants"), by and through the Officer of the Attorney General, and submit this Defendants' Answer and Jury Demand to Plaintiffs' Amended Complaint. In support thereof, the Defendants respectfully offer the following:

**STATEMENT OF THE CASE**

Plaintiffs are the purported surviving relatives of the deceased offenders. In their Petition, Plaintiffs assert various claims under federal and state law against the Defendants. Specifically, Plaintiffs assert federal claims under 42 U.S.C. § 1983 for violating their deceased relatives' constitutional rights to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment. Plaintiffs sue Defendants University of Texas Medical Branch (UTMB) and TDCJ for violations of the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, and the Rehabilitation Act for allegedly failing to provide reasonable accommodations to offender McCollum. (D.E. #1 at 28-29). Plaintiffs sue Defendants Livingston, Thaler, Stephens, Eason and Miller pursuant to 42 U.S.C. § 1983 for

deliberate indifference to offenders Rodney Adams, Kenneth Wayne James and Douglas Hudson's serious medical needs. (D.E. #1 at 27-28). Plaintiffs sue Defendant Goings in his individual capacity for violating the deceased offenders' constitutional rights. (D.E. #8 at 19). Plaintiffs sue Defendants Matthews, Gilmore, Raines, Flowers, Edwards and Dodd, in their individual capacity for violating offender James's constitutional rights as an agent and official representative of TDCJ. (D.E. #8 at 28-34).

Plaintiffs allege that offenders Adams, James and Hudson all died from hyperthermia. (D.E. #1 at 23-26). Plaintiffs further allege that offenders Adams, James and Hudson had the disabilities of depression and hypertension. (Id.) They allege the defendants failed to reasonably accommodate Adams, James and Hudson's alleged disabilities and were deliberately indifferent to their serious medical needs by failing to provide them with air conditioned housing, a plastic cup, and a personal fan. (D.E. #1). Defendants are sued in their individual capacities for punitive and compensatory damages. Defendant TDCJ is sued for compensatory relief.

## **ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to FED. R. CIV. P. 8(b), and for the express purpose of requiring the plaintiffs to meet their burden of proof herein, the defendants deny each and every allegation contained in Plaintiffs' Amended Complaint, except those expressly admitted herein.

### Statement of Claims

1. Defendants deny that prisoners are regularly dying of heat stroke in TDCJ custody at the Gurney Unit in Tennessee Colony, Texas.
2. Defendants admit Plaintiffs brought a civil action. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendants admit Plaintiffs brought a civil action under 42 U.S.C. §1983 claim, but deny the remainder of the allegations contained in paragraph 3.

4. Defendants admit Plaintiffs brought a civil action against TDCJ and UTMB for violation of Title II of the Americans with Disabilities Act ("ADA"), and the ADA Amendments Act ("ADAAA"), 42 U.S.C. §12131 et seq., and Section 504 of the 1973 Rehabilitation Act, 29 U.S.C. §794 ("Rehabilitation Act"), but deny the remainder of the allegations contained in paragraph 4.

## Jurisdiction and Venue

5. Defendants admit the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and §1343.

6. Defendants deny that venue is proper in the Southern District as alleged in Plaintiffs' Amended Complaint. As of September 25, 2013, this case has been officially transferred to United States District Court Eastern District of Texas, Tyler Division. Defendants admit that Eastern District of Texas, Tyler Division is the proper venue.

## Plaintiffs

7.-12. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 7 through 12 of Plaintiffs' Amended Complaint.

## Defendants

13. No response required.

14. Defendants admit Brad Livingston is the Executive Director of the TDCJ. Defendants admit Livingston is sued in his individual capacity. Defendants deny

all remaining allegations contained in paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendants admit Rick Thaler is the director of TDCJ's Correctional Institutions Division. Defendants admit Thaler is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants admit William Stephens is the deputy director of the Correctional Institutions Division. Defendants admit Stephens is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendants admit Robert Eason is a Regional Director of the TDCJ. Defendants admit Eason is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendants admit Dennis Miller was the Warden at the Gurney Unit. Defendants admit Miller is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendants admit that Regional Goings is the current warden at the Gurney Unit. Defendants admit that Goings is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendants admit that Dr. Owen Murray is an employee of UTMB. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 20 of Plaintiffs' Amended Complaint.

### Hudson Defendants

21. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 20 through 25 of Plaintiffs' Amended Complaint.

### James Defendants

26. No response required.

27. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 27 of Plaintiffs' Amended Complaint.

28. Defendants admit that Brandon Matthews was employed with TDCJ at the Gurney Unit at all relevant times pertaining to the allegations involving Offender James. Defendants admit that Matthews is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 28 of Plaintiffs' Amended Complaint.

29. Defendants admit that Debra Gilmore was employed with TDCJ at the Gurney Unit at all relevant times pertaining to the allegations involving Offender James. Defendants admit that Gilmore is sued in her individual capacity. Defendants deny all remaining allegations contained in paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendants admit that Sarah Raines was employed with TDCJ at the Gurney Unit at all relevant times pertaining to the allegations involving Offender James. Defendants admit that Raines is sued in her individual capacity. Defendants deny all remaining allegations contained in paragraph 30 of Plaintiffs' Amended Complaint.

31. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 31 of Plaintiffs' Amended Complaint.

32. Defendants admit that Tully Flowers was employed with TDCJ at the Gurney Unit at all relevant times pertaining to the allegations involving Offender James. Defendants admit that Flowers is sued in his individual capacity. Defendants deny all remaining allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendants admit that Doris Edwards was employed with TDCJ at the Gurney Unit at all relevant times pertaining to the allegations involving Offender James. Defendants admit that Edwards is sued in her individual capacity. Defendants deny all remaining allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

34. Defendants admit that Revoyda Dodd was employed with TDCJ at the Gurney Unit at all relevant times pertaining to the allegations involving Offender James. Defendants admit that Dodd is sued in her individual capacity. Defendants deny all remaining allegations contained in paragraph 34 of Plaintiffs' Amended Complaint.

35.-36. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 35 through 36 of Plaintiffs' Amended Complaint.

37. Defendants admit that the Texas Department of Criminal Justice (TDCJ) is the state prison system and an agency of the State of Texas. Defendants admit that the Gurney Unit is operated by TDCJ. Defendants admit that Plaintiffs are suing

TDCJ for injunctive, declaratory and compensatory relief under federal law. Defendants are unable to admit or deny the remainder allegations contained in paragraph 37 of Plaintiffs' Amended Complaint.

38. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 38 of Plaintiffs' Amended Complaint.

### Facts[1]

39. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraph 39 of Plaintiffs' Amended Complaint.

40. Defendants admit that most TDCJ units are not air conditioned. Defendants are unable to admit or deny the remainder of paragraph 40 of Plaintiffs' Amended Complaint.

41.-73. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 41 through 73 of Plaintiffs' Amended Complaint.

74. Defendants admit that the Gurney Unit is a transfer facility. Defendants are unable to admit or deny the remainder of paragraph 74 of Plaintiffs' Amended Complaint.

75. Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 75 of Plaintiffs' Amended Complaint.

76. Defendants admit that state jails operate in part under TEX. ADMIN. CODE §259.160. Defendants deny all remaining allegations contained in paragraph 76 of Plaintiffs' Amended Complaint.

---

[1] Defendants have denied the entirety of paragraphs in **Plaintiffs' First Amended Complaint** containing facts recited in such a hyperbolic and inflammatory manner as to render them specious.

77.-89.  Defendants deny the allegations and statements in paragraphs 77 through 89 of Plaintiffs' Amended Complaint.

90.-95.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 90-95 of Plaintiffs' Amended Complaint.

96.-98.  Defendants deny the allegations and statements in paragraphs 96 through 98 of Plaintiffs' Amended Complaint.

99.-105.  Defendants lack information sufficient to form a belief about the truth of the averments contained in paragraphs 99-105 of Plaintiffs' Amended Complaint.

106.  Defendant Goings admits that Offender Douglas Hudson was taken to Palestine Regional Medical Center and died on July 24, 2011. Defendants Gilmore, Dodd, Edwards, Matthews, Raines and Flowers lack information sufficient to form a belief about the truth of the averments relating to Offender Hudson. Defendants deny the remainder allegations and statements in paragraph 106 of Plaintiffs' Amended Complaint.

107.  Defendants deny the allegations and statements in paragraph 107 of Plaintiffs' Amended Complaint.

108.-112.  Defendants are unable to admit or deny the allegations contained in paragraphs 108-112 of Plaintiffs' Amended Complaint.

113.  Defendants admit that Offender Kenneth Wayne James was taken to Palestine Regional Medical Center and died on August 13, 2011. Defendants deny the remainder of allegations and statements in paragraph 113 of Plaintiffs' Amended Complaint.

114.  Defendants lack information sufficient to form a belief about the truth of the

averments contained in paragraph 114 of Plaintiffs' Amended Complaint.

115. Defendant Goings admits that Offender Adams died in 2012 at East Texas Medical Center. Defendants Gilmore, Dodd, Edwards, Matthews, Raines and Flowers lack information sufficient to form a belief about the truth of the averments relating to Offender Adams. Defendants deny the remainder allegations and statements in paragraph 115 of Plaintiffs' Amended Complaint.

116.-118. Defendant Goings denies the allegations and statements in paragraphs 116 through 118 of Plaintiffs' Amended Complaint. Defendants Gilmore, Dodd, Edwards, Matthews, Raines and Flowers lack information sufficient to form a belief about the truth of the averments in paragraphs 116 through 118 of Plaintiffs' Amended Complaint.

119. Defendants admit that Livingston, Thaler and Stephens work in Austin and Huntsville. Defendants admit that Miller worked at the Gurney Unit or in nearby Tennessee Colony. Defendants deny the remainder of allegations and statements in paragraph 119 of Plaintiffs' Amended Complaint.

120.-122. Defendants are unable to admit or deny the allegations contained in paragraphs 120 through 122 of Plaintiffs' Amended Complaint.

123. Defendants deny the allegations and statements in paragraph 123 of Plaintiffs' Amended Complaint.

124.-133. Defendants are unable to admit or deny the allegations contained in paragraphs 124 through 133 of Plaintiffs' Amended Complaint.

134.-135. Defendants deny the allegations and statements in paragraphs 134 and 135 of Plaintiffs' Amended Complaint.

136. Defendants admit that TDCJ generates a report called Emergency Action Center that may contain information about an offenders' death. Defendants deny the remainder of allegations and statements in paragraph 136 of Plaintiffs' Amended Complaint.

137.-140. Defendants deny the allegations and statements in paragraphs 137 through 140 of Plaintiffs' Amended Complaint.

141.-176. Defendants are unable to admit or deny the allegations contained in paragraphs 141 through 176 of Plaintiffs' Amended Complaint.

177. Defendants Matthews and Gilmore admit that they observed Offender James. Defendants Matthews and Gilmore admit that they called medical. Defendants deny the remainder of allegations and statements in paragraph 177 of Plaintiffs' Amended Complaint.

178.-185. Defendants deny the allegations and statements in paragraphs 178 through 185 of Plaintiffs' Amended Complaint.

186.-193. Defendants lack information sufficient to form a belief about the truth of the averments in paragraphs 186 through 193 of Plaintiffs' Amended Complaint.

194.-195. Defendants deny the allegations and statements in paragraphs 194 and 195 of Plaintiffs' Amended Complaint.

196. Defendants admit the statements contained in paragraph 196 of Plaintiffs' Amended Complaint.

197. Defendants are unable to admit or deny the allegations and statements contained in paragraph 197 of Plaintiffs' Amended Complaint.

198. Defendant Goings admits that Mr. Adams transferred from Wise County Jail to

the Gurney Unit. Defendants are unable to admit or deny the remainder allegations and statements in paragraph 198 of Plaintiffs' Amended Complaint.

199.-205. Defendants are unable to admit or deny the allegations and statements contained in paragraphs 199 through 205 of Plaintiffs' Amended Complaint.

206. Defendant Goings admits that Mr. Adams was taken to the prison's infirmary. Defendants are unable to admit or deny the remainder of the allegations contained in paragraph 206 of Plaintiffs' Amended Complaint.

207. Defendant Goings admits that UTMB staff called 911. Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 207 of Plaintiffs' Amended Complaint.

208. Defendant Goings admits that Mr. Adams was taken to the Palestine Regional Medical Center. Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 208 of Plaintiffs' Amended Complaint.

209. Defendant Goings admits that Mr. Adams was taken to East Texas Medical Center. Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 209 of Plaintiffs' Amended Complaint.

210.-212. Defendants are unable to admit or deny the allegations contained in paragraphs 210 through 212 of Plaintiffs' Amended Complaint.

### Causes of Action

213. No response necessary.

214. Defendants admit that Plaintiffs brought a civil action against Defendants Livingston, Thaler, Stephens, Eason, Miller and Goings for deliberate

indifference pursuant to 42 U.S.C. §1983, but deny allegations and any liability contained in paragraph 214 of Plaintiffs' Amended Complaint.

215. Defendants are unable to admit or deny the allegations contained in paragraph 215 of Plaintiffs' Amended Complaint.

216.-217. Defendants deny the allegations and statements contained in paragraphs 216 and 217 of Plaintiffs' Amended Complaint.

218. No response necessary.

219.-223. Defendants are unable to admit or deny the allegations contained in paragraphs 219 through 223 of Plaintiffs' Amended Complaint.

224. No response necessary.

225. Defendants deny the allegations contained in paragraph 225 of Plaintiffs' Amended Complaint.

226.-227. Defendants are unable to admit or deny the allegations contained in paragraphs 226 and 227 of Plaintiffs' Amended Complaint.

228. Defendants deny the allegations and statements contained in paragraph 228 of Plaintiffs' Amended Complaint.

229.-230. Defendants admit the statements contained in paragraphs 229 and 230 of Plaintiffs' Amended Complaint.

231.-233. Defendants are unable to admit or deny the allegations and statements contained in paragraphs 231 through 233 of Plaintiffs' Amended Complaint.

234. Defendants deny the allegations that they intentionally discriminated against the deceased offenders under the ADA, ADAAA and Rehabilitation Act. Defendants are unable to admit or deny the remainder of the allegations and statements

contained in paragraph 234 of Plaintiffs' Amended Complaint.

235. Defendants deny the allegations that they violated the ADA, ADAAA and Rehabilitation Act as it pertains to Hudson, James and Adams. Defendants are unable to admit or deny the remainder of the allegations and statements contained in paragraph 235 of Plaintiffs' Amended Complaint.

236.-238. Defendants deny the allegations contained in paragraphs 236 through 238 of Plaintiffs' Amended Complaint.

239.-248. Defendants are unable to admit or deny the allegations contained in paragraphs 239 through 248 of Plaintiffs' Amended Complaint.

### Damages

249.-258. Defendants deny all allegations contained in paragraphs 249 through 258 of Plaintiffs' Amended Complaint.

### GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1. Defendant TDCJ denies that it violated the rights of Adams, Hudson and James under the Constitution, the Americans with Disabilities Act, the Americans with Disabilities Act Amendment Act, the Rehabilitation Act, or any other law.

2. Defendant TDCJ admits offenders are entitled to basic constitutional rights including medical care. Defendant TDCJ contracts with Defendant University of Texas Medical Branch to provide medical care at the Gurney Unit. Defendant TDCJ denies that it has failed to comply with guidelines relating to inmate medical care. Further, such allegations, even if true, allege mere negligence, from which Defendant maintains sovereign immunity.

3. Defendant TDCJ denies that it failed to provide reasonable accommodations for Adams, James and Hudson as alleged. Defendant TDCJ states that no accommodations were requested. In the alternative defendants deny that the accommodations could have been reasonable or did not threaten the safety of the staff and the other offenders.

4. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. § 1983. Defendants further assert that any claim premised upon negligence will not support a claim under 42 U.S.C. § 1983.

5. Defendants deny that Adams, James and Hudson were deprived of any right, privilege, or immunity granted or secured by the Constitution, the laws of the United States, and/or the laws of the State of Texas.

6. Defendants deny that they were deliberately indifferent to plaintiffs' health or safety. Defendants assert that they did not have personal involvement sufficient to establish liability regarding the events alleged in Plaintiffs' suit.

7. Defendants assert that at all times relevant to this suit, they acted with the good faith belief that their actions were proper under the Constitution and laws of the United States and the State of Texas. Defendants further assert that they acted, at all relevant times, in a manner both consistent with Adams, James and Hudson's clearly established constitutional rights and objectively reasonable in light of all surrounding circumstances. Defendants further assert that at all times relevant to this lawsuit, they performed discretionary acts in good faith and within the course and scope of their authority as public officers employed by the State of Texas.

   Finally, Defendants assert that any act or failure to act was not willful, wanton negligent, or performed with a conscious indifference or reckless disregard for the safety of Offenders Adams, James and Hudson.

8. Defendants deny that either official or sovereign immunity has been waived under the Texas Human Resource Code, Chapter 121 for any purpose. Defendants hereby expressly assert that they are entitled to qualified, good-faith immunity from suit.

9. Defendants state that Plaintiffs have failed to fully exhaust administrative procedures as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

10. Defendants deny that sovereign immunity has been waived under the Texas Tort Claims Act §101.021 of the Civil Practice and Remedies Code.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Reginald Goings, Debra Gilmore, Reyvoda Dodd, Doris Edwards, Brandon Matthews, Sarah Raines and Tully Flowers urge this Court to deny the plaintiffs any and all relief demanded in this complaint and to grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **GREG ABBOTT**
        Attorney General of Texas

        **DANIEL T. HODGE**
        First Assistant Attorney General

        **DAVID C. MATTAX**
        Deputy Attorney General for Defense Litigation

        **KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General
Attorney in Charge
State Bar No.  07631060

**RACHAEL AIREN**
Assistant Attorney General
State Bar No. 24068148

**MATTHEW J. GREER**
Assistant Attorney General
State Bar No. 24069825
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139
**ATTORNEYS FOR DEFENDANTS
Gilmore, Dodd, Edwards, Matthews, Goings,
Raines and Flowers**

## NOTICE OF ELECTRONIC FILING

    I, **BRUCE R. GARCIA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants Goings, Gilmore, Dodd, Edwards, Matthews, Raines and Flowers's Answer and Jury Demand**. In accordance with the Electronic Case Files System of the Eastern District of Texas, on this the 1st day of October, 2013.

        */s/Bruce R. Garcia*
**BRUCE R. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Goings, Gilmore, Dodd, Edwards, Matthews, Raines and Flowers's Answer and Jury Demand** has been served electronically via *Southern District of TEXAS LIVE - Document Filing System*, to Plaintiffs' Lead Attorney, Jeff Edwards at **jeff@edwards-law.com** and Defendant UTMB's Lead Attorney, Kim Coogan at **kim.coogan@texasattorneygeneral.gov** on the 1st day of October, 2013.

/s/Bruce R. Garcia
**BRUCE R. GARCIA**
Assistant Attorney General