IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 6:13-CV-00712 | |
| § | | |
| BRAD LIVINGSTON, *et al.*, § | | |
| Defendants. § | | |

**DEFENDANTS BRAD LIVINGSTON, RICK THALER AND WILLIAM STEPHENS'
RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN
RESPONSE TO LIVINGSTON'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES MAGISTRATE K. NICOLE MITCHELL:

Defendants, Brad Livingston, Rick Thaler and William Stephens, herein referenced as Defendants, files this Response to "Plaintiffs' Notice of Supplemental Authority in Response to Livingston's Motion to Dismiss" (Doc. 53):

> **The Supplemental Authority Plaintiffs Submit Is Irrelevant to the
> Issues Before the Court in Livingston's Motion to Dismiss.**

Plaintiffs' Notice, submits a District Court's ruling in *Ball v. LeBlanc,* 13-00368-BAJ-SCR, Doc. 87 (M.D. La. Dec. 13, 2013). Plaintiffs ask that "this Court follow Judge Jackson and deny Livingston's motion to dismiss Plaintiff's §1983 claims." If this Court denied Livingston's Motion to Dismiss, it would not "follow Judge Jackson" as there is not a sentence in that 102 page opinion that supports a denial of Livingston's Motion. The two findings by Judge Jackson that form the basis of Plaintiffs' request are:

> On December 19, 2013, Judge Brian A. Jackson of the Middle District of Louisiana granted injunctive relief to prisoners on Louisiana's Death Row who were routinely exposed to high indoor heat indexes because the prison did not have air conditioning. Judge Jackson found high indoor temperatures were cruel and unusual, and ordered the Louisiana prison system to "immediately lower and maintain the heat index in the [prison] at or below 88 degrees

> Fahrenheit" and maintain temperatures below 88 from April 1 to October 1 each year.
>
> ...
>
> Judge Jackson made it very clear the prison's "purported financial hardships can never be an adequate justification for depriving any person of his constitutional rights."

Doc. 53, p. 1-2

These two excerpts from Judge Jackson's 102 page opinion do not support Plaintiffs' request that this Court deny Livingston's Motion to Dismiss. In *Ball*, the Plaintiffs, unlike the Adams Plaintiffs, were incarcerated at Louisiana's Angola prison, requested and obtained a preliminary injunction. http://media.nola.com/baton_rouge_crime/other/Ruling.pdf. (Opinion, page 2):

> Plaintiffs Elzie Ball ("Ball"), Nathaniel Code ("Code"), and James Magee ("Magee") (collectively "Plaintiffs") are death row inmates, who are currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana ("Angola").

The issue of qualified immunity was not before the Court as it is not a defense to a suit for injunctive relief nor was it relevant to whether the Court should enjoin prison authorities.[1] While a Court might order a Texas security administrator to install air conditioning at a prison unit as prospective relief, it could not find a prison official to have violated clearly established law nor that he forfeited qualified immunity on having failed to so do so in the past. *Blackmon v. Garza,* 484 Fed. Appx. 866 (5th Cir. 2012), footnote 6 (...we do not suggest that air conditioning is mandatory to meet the requirements of the Eighth Amendment."):

---

[1] The defendant, *LeBlanc*, Secretary of the Louisiana Department of Public Safety and Corrections, was sued in his official capacity for declaratory and injunctive relief. Opinion, fn.3.

>  45. Neither the United States Court of Appeals for the Fifth Circuit, nor any other federal court of appeals, has established a constitutionally precise temperature, humidity level, or heat index that may constitute cruel and unusual punishment, in violation of the Eighth Amendment.")[2]

In the case at bar, TDCJ Director Livingston is sued for money damages. Amended Complaint, Doc. 8, paragraph 252-257.

In *Ball*, Plaintiffs claimed that "Defendants have violated, and continue to violate, their rights under the Eighth Amendment." which, if true, would support injunctive relief. The Adams Plaintiffs do not claim that Livingston will "continue to violate, their rights under the Eighth Amendment" as none of the Plaintiffs are incarcerated at any Texas prison.

The issue of qualified immunity was not before Judge Jackson in *Ball* as no individual was sued for money damages in that case. Only equitable relief was sought, which was awarded by the Court, based on factors not applicable in resolving a qualified immunity defense:

>  (Opinion, page 94)
>
>  A. Declaratory and Injunctive Relief
>
>  1. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate:
>
>  > (1) that he has suffered an irreparable injury;
>  >
>  > (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>  >
>  > (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

---

[2] Paragraph 45, Judge Jackson's opinion, *Ball v. Leblanc*, at page 23. http://media.nola.com/baton_rouge_crime/other/Ruling.pdf

>  (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)

By contrast, whether an official is entitled to dismissal on qualified immunity requires a Court to find more than a Constitutional violation alone. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) ("To determine if qualified immunity applies, this court follows a two-step process. First, we determine if the plaintiff has stated a violation of a clearly established constitutional right. If so, we next examine the reasonableness of the defendant's conduct.")

A prison security administrator does not lose his immunity solely on the basis of a claim of an Eighth Amendment violation-his conduct under the circumstances presented must violate clearly established law. If he is not personally involved in denying Plaintiff medical care, he may, without loss of immunity, rely on trained competent medical professionals assigned to the prison system, to treat, classify, assign and otherwise provide care for inmate medical conditions. *Lee v. Young*, 533 F.3d 505, 511 (7th Cir.2008) ("[I]n determining the best way to handle an inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals."). *Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir.2008) (reiterating "the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care"). *Fantone v. Herbik,* 2013 WL 2564429 (3rd Cir.2013) (State prison administrators who handled inmate's grievances were not deliberately indifferent to his serious medical needs, in violation of Eighth Amendment, where administrators had no responsibility or authority to treat inmates medically, and had no reason to believe that prison doctors were either mistreating or not treating inmate.)*;* *Lee v. Rushing*, 2013 WL 2462247 (5th Cir. 2013) (Sheriff was not liable under § 1983 for deliberate indifference to prisoner's serious medical need based on prisoner's claim that sheriff was

4

aware of prisoner's scalp condition and failed to ensure timely care, in alleged violation of Eighth Amendment; prisoner failed to allege any personal involvement by sheriff in his treatment, medical complaints were monitored by the jail's medical personnel, and there was no evidence indicating that sheriff personally ignored prisoner's medical complaints or denied prisoner treatment.); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.1993). (Warden and Commissioner for Corrections, neither of whom were physicians, could not be considered deliberately indifferent to prisoner's medical needs simply because they failed to respond directly to medical complaints of prisoner).

Only when all similarly situated officials would have realized that their conduct, under the circumstances, violated clearly established law, can the immunity shield be pierced. Unless all reasonable officials, similarly situated to these defendants, would have realized that clearly established Constitutional law required the provision of 24-7 on site prison medical care, air conditioning and that they could not rely on the treatment and housing decisions of medical staff, Livingston is entitled to qualified immunity:

> A state official exercising discretionary authority whose conduct deprives another of a right secured by federal constitutional or statutory law is nonetheless shielded from personal liability for damages under section 1983 by the doctrine of qualified immunity, unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded.

*Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

It cannot be reasonably concluded that "fair notice" of a clearly established duty to provide 24-7 on site prison medical facilities, air conditioning, or that a security administrator could not rely on the judgment and treatment provided inmates by medical

professionals existed at the time the Adams were incarcerated at a TDCJ prison Unit. It is Plaintiff's burden to provide clearly established law that requires 24-7 on-site prison medical services, air conditioning and does not permit administrators to rely on the medical treatment decisions of medical professionals. *Morgan v. Swanson,* 659 F.3d 359, 372 (5th Cir. 2011):

> ...existing precedent must have placed the statutory or constitutional question beyond debate." The sine qua non of the clearly established inquiry is "fair warning." Thus, we must ask "not only whether courts have recognized the existence of a particular constitutional right, but also...whether that right has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct.

Also see, *Lynch v. Cannatella,* 810 F.2d 1363, 1371 (5th Cir. 1987).

> The harbor police defendants correctly note that plaintiffs in a § 1983 suit must shoulder the burden of pleading a *prima facie* case, including the obligation of alleging "detailed facts supporting the contention that the plea of immunity cannot be sustained. That burden is not fulfilled by summarily alleging that the plaintiffs have "suffered severe physical pains and extensive mental distress" or that they continue to suffer "severe nightmares and hallucinations" as a result of the treatment they endured.

*Fleming v. Tunica County Mississippi,* 497 Fed.Appx. 381, 388 (5th Cir.2012) (Opinion at page 6):

> ...we must first determine whether the allegations in Fleming's complaint are sufficient to negate their assertions of qualified immunity. See *id*.; *Wicks*, 41 F.3d at 995. Negating qualified immunity "demands more than bald allegations and conclusionary statements." *Wicks*, 41 F.3d at 995. Fleming "must allege facts specifically focusing on the conduct of [the individual defendants] which caused his injury.

Further distinguishing *Ball,* Judge Jackson noted that defendants in that case were previously personally notified of Plaintiffs' medical conditions through a grievance procedure and had denied any relief to Plaintiffs: (Opinion, page 65)

> The Court also admitted into evidence Defendants' responses to Plaintiffs' ARPs, in which Defendants acknowledged Plaintiffs' claims that it is "extremely hot on Death Row" and that they are "more susceptible to heat" because of their underlying medical conditions and medications, and denied Plaintiffs' requests for relief.

In the case at bar, Plaintiffs do not claim that any decedent prison inmate had brought to Livingston's attention, his medical condition, that they requested relief and that Livingston had personally denied such relief after such request and notification as did the Plaintiffs in *Ball*.

## CONCLUSION

*Ball v. LeBlanc* is a suit for injunctive and declaratory relief decided based on standards not applicable to resolution of the qualified immunity defense of a public official sued in his individual capacity. Under the elements used by Judge Jackson in deciding *Ball*, the Adams Plaintiffs are not entitled to injunctive or declaratory relief-they have not shown "(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" Opinion, page 94. Nor are Plaintiffs able to show that absent injunctive and/or declaratory relief, that they will be subjected to an 8th Amendment violation as they are not incarcerated. Declaratory and injunctive relief are barred for lack of standing unless the plaintiff can show "...a likelihood of future violations of their rights by the defendant, not simply future effects from past violations." *Armstrong v. Turner Industries, Inc*., 141 F.3d 554, 563 (5th Cir.1998):

> *Armstrong*...does not assert any likelihood that he will be subjected to a similar violation in the future. He has not indicated that he plans to seek employment with *Turner* again, nor does he purport to represent a specific class of individuals that is in danger of discrimination from *Turner*. Consequently, *Armstrong's* allegations are clearly insufficient under well-established law to support standing to seek an injunction. Although *Armstrong* did ask for declaratory relief, we note that for the same reason he lacks standing to procure injunctive relief he likewise has no standing to seek declaratory relief...

Accordingly, TDCJ Director Brad Livingston's Motion to Dismiss should be granted.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
**DEMETRI ANASTASIADIS**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
BRAD LIVINGSTON, WILLIAM STEPHENS
AND RICK THALER**

### NOTICE OF ELECTRONIC FILING

I, **DEMETRI ANASTASIADIS**, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Brad Livingston, Rick Thaler and William Stephens' Response to Plaintiffs' Notice of Supplemental Authority in Response to Livingston's Motion to Dismiss** in accordance with the Electronic Case Files system of the Eastern District of Texas, on this the 3rd day of January, 2014.

/s/ Demetri Anastasiadis
**DEMETRI ANASTASIADIS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **DEMETRI ANASTASIADIS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Brad Livingston, Rick Thaler and William Stephens' Response to Plaintiffs' Notice of Supplemental Authority in Response to Livingston's Motion to Dismiss**, has been served electronically *via* the Electronic Case Files system of the Eastern District of Texas, on this the 3rd day of January, 2013, addressed to:

Jeff Edwards
Jeff@edwards-law.com

Scott Medlock
scott@edwards-law.com

Brian Rolland McGiverin
brian@texascivilrightsproject.org

Wayne Nicholas Krause
waynekrause@texascivilrightsproject.org

Bruce Garcia
Bruce.Garcia@texasattorneygeneral.gov

Matthew J Greer
matthew.greer@texasattorneygeneral.gov

Kim Coogan
Kim.Coogan@texasattorneygeneral.gov

Shanna Elizabeth Molinare
shanna.molinare@texasattorneygeneral.gov

Lacey E Mase
lacey.mase@texasattorneygeneral.gov

        /s/ Demetri Anastasiadis
        **DEMETRI ANASTASIADIS**
        Assistant Attorney General