**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ASHLEY ADAMS, individually and as the** | § | |
| **representative of the Estate of RODNEY** | § | |
| **GERALD ADAMS; and WANDA ADAMS,** | § | |
| **individually;** | § | |
| | § | |
| **CARLETTE HUNTER JAMES, individually** | § | |
| **and as the representative of the Estate of** | § | |
| **KENNETH WAYNE JAMES; KRISTY JAMES,** | § | |
| **KRYSTAL JAMES, KENDRIK JAMES,** | § | |
| **ARLETT JAMES, JONATHAN JAMES, and** | § | |
| **KENNETH EVANS, individually and as heirs-at-law** | § | |
| **to the Estate of Kenneth Wayne James, and** | § | |
| **MARY LOU JAMES, individually,** | § | |
| | § | |
| **CADE HUDSON, individually and as the** | § | |
| **representative of the Estate of DOUGLAS HUDSON,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:13-cv-712** |
| | § | |
| **BRAD LIVINGSTON, individually and in his** | § | |
| **official capacity, RICK THALER, WILLIAM** | § | |
| **STEPHENS, ROBERT EASON, DENNIS MILLER,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE,** | § | |
| **and UNIVERSITY OF TEXAS MEDICAL BRANCH,** | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

**DEFENDANT STEVEN FIELDS' REPLY TO PLAINTIFFS'**
**RESPONSE TO MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Steven Fields moves to

dismiss Plaintiffs' claims against him based upon his entitlement to qualified immunity and

plaintiffs' failure to state a claim against him. In support of this motion, Defendant offers the

following:

1

# I.

## FACTS

Plaintiffs, who are alleged to be surviving heirs-at-law and statutory beneficiaries of decedents Rodney Adams, Kenneth Wayne James, and Douglas Hudson, bring suit against Steven Fields and several other defendants for alleged violations of the Eighth and Fourteenth Amendments, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act.[1]  *D.E. 8.*  Plaintiffs' complaints center around the alleged extreme heat conditions that existed during the summer of 2011 in Texas.  Specifically, Plaintiffs contend that because the decedents suffered from alleged "heat-sensitive disabilities" and were incarcerated at the Gurney Unit, in non-air-conditioned housing, Defendants violated the decedents' constitutional rights by subjecting them to unconstitutional conditions of confinement, demonstrating deliberate indifference to their serious medical needs, and intentionally discriminating against them based solely upon their disabilities.

Douglas Hudson was an inmate at the Gurney Unit in the summer of 2011. Steven Fields, a licensed vocational nurse employed by the University of Texas Medical Branch, is being sued based solely upon his involvement in the medical care of Douglas Hudson. *Id*. at 43-45. Plaintiffs allege that on July 24, 2011 officers found Hudson suffering convulsions and unresponsive in his bunk. *D.E. 8* at  43. An officer escorted Hudson, via wheelchair, to the Gurney Unit infirmary, which was closed for the day. Pursuant to policy, the officers called the infirmary at the nearby Beto Unit, and told either Defendant nurse Fields or defendant nurse Betts that they believed Hudson's condition was "heat related".  Betts' Motion to Dismiss is on file with this court at *D.E. 25*. Either Betts or Fields instructed the officers to bring Hudson to the infirmary at the Beto

---

[1] This motion will address only the claims against Steven Fields.

2

unit, which they did. The nurses at the Beto unit called 911. Mr. Hudson died the next day. Plaintiffs allege both Betts and Fields were deliberately indifferent to Hudson's medical needs by requesting that Hudson be seen in the medical department before calling 911. Plaintiffs contend that either Fields or Betts deliberately and knowingly delayed Mr. Hudson's access to health care for his serious medical condition for over one hour by choosing to have him transported to the Beto Unit so that he could be personally evaluated instead of instructing the correctional officers to have him transported directly to a hospital. *D.E. 8* at 57. This decision, Plaintiffs contend, demonstrates deliberate indifference to Mr. Hudson's serious medical needs. *Id.* Plaintiffs sue Fields in his individual capacity for compensatory and punitive damages. *Id.* at 7.

## II.
## QUALIFIED IMMUNITY

**A. Plaintiffs' claims against Fields are for delay in treatment only.**

In their Response to Defendant Fields' Motion to Dismiss [D.E. 58], plaintiffs contend that Defendant Fields was deliberately indifferent "(b)y instructing officers to bring Hudson to a different prison [infirmary] instead of immediately telling him to get him to a cool place…". [D.E. 58 at 2]. Plaintiffs also allege (a)s a consequence of Fields' decision to delay treatment and not to transport Hudson to the hospital, Hudson spent an hour in a hot van going from the Gurney unit to the Beto unit." [D.E. 58 at 4]. These complaints are for delay in treatment, and therefore not actionable under 42 U.S.C. §1983. Even those cases cited by plaintiffs confirm that a claim for delay in treatment will not survive the defense of qualified immunity.

Plaintiffs cited *Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006). In the *Easter* case, a prison inmate who had a history of serious heart problems was taken to the prison infirmary for chest pains. Once in the infirmary, the nurse refused to treat him, referring him to the pharmacy for

3

medication and then to his cell. The court found the nurse was deliberately indifferent because she "refused to provide any treatment to, and ignored the complaints of, a patient suffering from severe chest pain that she knew had a history of cardiac problems." *Easter,* 476 F.3rd at 464. *Easter*, 467 F.3d at 464. In the present case, the defendant insisted that the patient's medical condition be evaluated by medical personnel, rather than simply relying on the oral report of a non-medical correctional officer. Plaintiffs may disagree about whether a personal medical evaluation should have been provided, but the provision of the exam does not constitute deliberate indifference. The mere disagreement with the treatment provided is similarly not sufficient to state a claim for deliberate indifference. *Easter*, 467  F.3d at 464.

Plaintiffs also cite *Brown v. Bolin*, Fed. Appx. 309, 315 (5th Cir. 2012)(unpublished). In the *Brown* case, correctional officers took an ill inmate to the medical department at the county jail where he was seen by a nurse. The nurse prescribed medications pursuant to the physician's "standing orders" for more than 24 hours before she sent the inmate to the hospital. The court held and the Fifth Circuit affirmed that the nurse was not entitled to qualified immunity because she refused to send the inmate to the hospital for 24 hours. In the present case, defendant Fields sent the inmate to the hospital *immediately upon examining him*. Plaintiffs' complaint is not that the defendant delayed in sending the inmate after examination. Plaintiffs' complaint is that the nurse never should have been permitted by security to examine the inmate in the first place.

In another case, *Rogers v. Boatright*, 709 F.3d 403 (5th Cir. 2013), an inmate claimed that he was injured when a prison van in which he was riding stopped abruptly, and that he suffered a three inch laceration to his scalp, and his hand was gouged open to the bone. The van was en route to the Veterans Administration Hospital. When the inmate and officers arrived at the V.A., the physician there instructed the officers to take the inmate to the nearest emergency room for

4

treatment. Instead, the officers took the inmate back to his home unit for treatment, resulting in a five and one half hour delay in treatment. The inmate claimed that his injuries would have been treated earlier, and further exacerbation could have been prevented, if the officers had taken him to the local emergency room. The Fifth Circuit held that the officers did not act with deliberate indifference when they transported the inmate back to his home unit for care.

In this case, plaintiffs presume that the correctional officers diagnosed that Hudson was "in the throes of a heat stroke", that the officers conveyed such to nurse Fields, that nurse Fields believed the officers' diagnosis, that nurse Fields believed that he could offer no treatment to the patient, but requested that he be brought to the Beto infirmary out of deliberate indifference, just so that he could cruelly, but immediately, call 911.

**B.**     **Fields is entitled to qualified immunity because his actions were objectively reasonable.**

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); see also *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry.  First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all -- prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted); *Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) (holding that Siegert requires a plaintiff first to allege

5

a constitutional violation before a court will decide whether the right is "clearly established").  In making this assessment, the court uses "currently applicable constitutional standards." *Rankin v. Klevenhagen,* 5 F.3d 103, 106 (5th Cir. 1993).

If a plaintiff has not cleared this first hurdle, the court need not further address the question of qualified immunity.  However, if the court finds that the plaintiff has alleged the violation of a constitutional right-a clearly established constitutional right-the court must go on to determine if the defendant official's action could reasonably have been thought consistent with that right.  *Siegert*, 500 U.S. at 230.

In making this second determination, the court looks to whether the defendant's actions were objectively reasonable as measured by reference to the law as it existed at the time the conduct occurred and in light of the information that the defendant possessed.  *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1992)(citing Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. (1993)); *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.) cert. denied, 113 S.Ct. 2998 (1993); *Anderson v. Creighton*, 483 U.S. 635, 639(1987); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990).

Regardless of a defendant official's mistaken assumptions, if his conduct is determined to have been objectively reasonable, he is entitled to qualified immunity.  Thus, officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated."  *Anderson*, 483 U.S. at 638. Therefore, even if nurse Fields was mistaken in his belief that he could provide medical care to Mr. Hudson, he is still entitled to qualified immunity.

**III.**
**Conclusion**

Because Plaintiffs' fail to overcome his entitlement to qualified immunity, Defendant

Steven Fields requests that the Court dismiss with prejudice Plaintiffs' claims against him.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

_/s/_**KIM COOGAN**
**KIM COOGAN**
Assistant Attorney General
Attorney-in-Charge
Assistant Attorney General
State Bar No. 00783867

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 495-9139 (Fax No.)

**ATTORNEYS  FOR  DEFENDANT  STEVEN FIELDS**

7

## NOTICE OF ELECTRONIC FILING

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Steven Fields' Reply to Plaintiffs' Response to Motion to Dismiss** in accordance with the Electronic Case Files System of the Eastern District of Texas on January 29, 2014.

*/s/* KIM COOGAN
KIM COOGAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, KIM COOGAN, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendant Steven Fields' Reply to Plaintiffs' Response to Motion to Dismiss** has been served upon all counsel of record via electronic filing notification on January 29, 2014.  In addition, a courtesy copy has been sent to:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 East 11th St.
Austin, TX 78702
*Attorney for Plaintiffs*

Brian McGiverin
Texas Civil Rights Project
4920 N. Interstate 35
Austin, Texas 78751-2716

Bruce Garcia                                    *via Intra-Departmental Mail*
Office of the Attorney General
*Attorneys for Defendants TDCJ,
Eason, and Miller*

8

Demetri Anastasiadis                       *via Intra-Departmental Mail*
Office of the Attorney General
*Attorney for Livingston, Thaler,*
*and Stephens*


                               */s/* KIM COOGAN
                               KIM COOGAN
                               Assistant Attorney General