IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, ET AL. | § | |
| v. | § | CIVIL ACTION NO. 6:13cv712 |
| BRAD LIVINGSTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiffs in this case, surviving family members of three men who died in the Texas penitentiary from heat-related causes, filed this lawsuit under 42 U.S.C. §1983, the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §794. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Defendants include a number of individuals and entities, including TDCJ Executive Director Brad Livingston, TDCJ's Correctional Institutions Division director Rick Thaler, and TDCJ-CID deputty director William Stephens (the "Executive Defendants.") This Report concerns the Executive Defendants' motion to stay and objections to Plaintiffs' discovery (docket no. 40) and motion to dismiss based on qualified immunity (docket no. 31).

The lawsuit is one of three cases pending before this Court involving heat-related deaths in the Texas prison system. The other cases are *Webb v. Livingston*, civil action no. 6:13cv711, and *Togonidze v. Livingston*, civil action no. 6:14cv93.

On March 17, 2014, the Court issued an order explaining how the issue of qualified immunity with respect to the Executive Defendants should be developed. Citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012), the Court stated that

> [A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover those facts needed to rule on the immunity claim.'

If the district court complies with these requirements, it may defer resolution of the issue of qualified immunity until after the appropriate tailored and limited discovery has occurred. Further, upon such compliance by the district court, the Fifth Circuit lacks jurisdiction to review interlocutory orders in qualified immunity cases. *Id., citing Edwards v. Cass County, Texas*, 919 F.2d 273, 275-76 (5th Cir. 1990). This Court found in *Webb* that *Backe* represents the proper approach which should be taken.

Shortly after the Court issued the March 17, 2014 order, the parties submitted a joint recommendation to consolidate *Webb, Adams*, and *Togonidze* for purposes of discovery and scheduling. The motion was granted, with *Webb* designated as the lead case. A joint scheduling conference was conducted on April 7, 2014. For purposes of clarity, the March 17, 2014 order issued in *Webb* should likewise be issued in this case.

## RECOMMENDATION

It is accordingly recommended that the Executive Defendants' motion to dismiss based on qualified immunity (docket no. 31) should be deferred and carried until the issue of qualified immunity may be decided.

It is further recommended that the Executive Defendants' motion to stay and objections to discovery (docket no. 40) should be granted in part and denied in part, and that discovery strictly limited to the issue of qualified immunity should be allowed to proceed.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service with a copy thereof shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except

upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

**Signed on this Day**

**Apr 30, 2014**

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE