IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and as representative of the Estate of ROBERT ALLEN WEBB, et al.<br>Plaintiff<br><br>vs.<br><br>BRAD LIVINGSTON, et al.<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.  6:13cv711<br>CONSOLIDATED WITH<br>*Adams v. Livingston*, 6:13cv712<br>*Togonidze v. Livingston*, 6:14cv93 |

**ORDER STAYING PROCEEDINGS**

The above-entitled and numbered civil action was directly assigned to the undersigned Magistrate Judge.  Presently, there are pending certain discovery-related motions before the Court, including motions for a protective order, to quash deposition notices with subpoenas *duces tecum*, and related discovery matters.  These various motions involve the Texas Department of Criminal Justice ("TDCJ") Executive Defendants, Defendants Livingston, Stephens and Thaler; the University of Texas Medical Branch ("UTMB") Executive Defendant, Defendant Dr. Murray; and non-Executive Defendants in the various consolidated cases.  Also pending before the Court is an Unopposed Motion to Modify Scheduling Order (docket entry #146), the most recent motion filed.  In large part, that motion seeks to suspend the June 16, 2014, deadline for completion of discovery as to qualified immunity in the case of the Executive Defendants, and the July 1, 2014, deadline for submission of summary judgment motions on the issues of qualified immunity and *respondeat superior* with regard to the Executive Defendants. *See* Revised Docket Control Order (docket entry #114).  In that motion, Plaintiffs assert that they have learned that "the Defendants have tens-of-thousands of responsive documents that they

1

have not yet produced." Motion at 2. Somewhat more specifically, Plaintiff contend that UTMB has advised that it is in the process of searching for additional documents and estimates it will have to review "over 100,000 documents" before production, which will take another two to three months. *Id*. at 2-3. Plaintiffs also contend that TDCJ is reviewing documents without greater detail, but cannot say when production will be complete. Plaintiffs argue that they cannot complete even the qualified immunity discovery and summary judgment deadlines without this additional discovery. *Id*. at 3.

Almost concurrently with Plaintiff's most recent motion, the TDCJ Executive Defendants have filed Notices of Appeal and Amended Notices of Appeal with regard to their qualified immunity claims in at least the *Webb* and *Togonidze* cases; the Court presumes a similar notice would be filed in the *Adams* case when a similar order has been entered there allowing limited discovery on the issue of qualified immunity with regard to their assertion of that defense in that case. In any event, these Executive Defendants assert in their Notices of Appeal that the Court erred in determining that the Second Amended Complaint in *Webb* and the First Amended Complaint in *Togonidze* alleged facts that would overcome their assertions of qualified immunity and that they are entitled to appellate relief via their interlocutory appeals. Most recently, the United States Court of Appeals for the Fifth Circuit has docketed those interlocutory appeals. *See* docket entries #152, 153.

The Fifth Circuit has observed that a notice of appeal from a supposedly interlocutory order does not necessarily stay all action in a case pending in a District Court:

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an

2

> interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett,* 640 F.2d 663, 667–68 (5th Cir. 1981); *see also Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*") (emphasis added).

*Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007). "How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Id*. at 565. In *Dusek*, the Defendant-Appellant, who had asserted qualified immunity in the District Court and filed an interlocutory appeal on its denial of qualified immunity, sought to stay all proceedings against her in the 42 U.S.C. § 1983 case and associated Title IX claims. *Id*. at 564. Her particular concern was the plaintiffs' discovery requests related to the Title IX claims to her co-defendant. *Id*. The District Court denied the stay in its proceedings and ordered compliance with the discovery requests even during the pendency of the interlocutory appeal. *Id*. She argued "that her appeal of the district court's denial of qualified immunity is so broad as to divest the district court of jurisdiction to compel her compliance with discovery requests made related to the Title IX claims against Eanes ISD." *Id*. at 565. The Fifth Circuit disagreed, however. *Id*. It found that the Defendant-Appellant's qualified immunity defense related to the § 1983 claims, and constituted "an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself," *id*. (quoting *Williams v. Brooks,* 996 F.2d 728, 730 n. 2 (5th Cir. 1993)), but that it was "a right to immunity *from certain claims,* not from litigation in general," *id*. (quoting *Behrens v. Pelletier,* 516 U.S. 299, 312, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) (emphasis in original)). The Defendant-Appellant did not and could not assert qualified immunity with regard to the Title IX claims and was subject to discovery requests relating to

those claims. *Id*. Accordingly, that District Court could order that discovery proceed related to the Title IX claims "because doing so does not interfere with any aspect of Dusek's appeal." *Id*.

Here, there are competing (and often conflicting) interests in the proceedings, including the various discovery proceedings, and these interests are intertwined. For example, Plaintiffs here assert that they cannot complete the qualified immunity discovery absent the allegedly missing "tens-of-thousands of responsive documents" not yet produced by UTMB and TDCJ. Yet, at least the TDCJ Executive Defendants are sheltered from any such discovery by virtue of their interlocutory appeals. Moreover, the non-Executive UTMB and TDCJ entities and individuals might not be required to produce any documents related to the claims of qualified immunity if the Executive Defendants are successful in their attempted appeals.

Another serious issue arises in this complex set of consolidated cases. In some regards, Plaintiffs' claims are pleaded distinctly against all of the Executive Defendants; and certain other individual Defendants; and the UTMB and TDCJ organizational entities, and are split between constitutional claims brought under § 1983; under statutory claims brought under the Americans with Disabilities Act, Americans with Disabilities Act Amendment Act and the Rehabilitation Act; and certain Texas state law claims. However, in fact, many of these claims and the discovery sought with regard to them overlap in a complex pattern of multiple individual cases and fact patterns and allegations in the various complaints. It would only add to the complexity and potential confusion of these cases if the Court were to order a portion of them to proceed, while a substantial portion of the claims are stayed in the pendency of the interlocutory appeals. Instead of doing that, the Court finds it advisable to keep all of the Parties and all of the claims on a common time track such that if the interlocutory appeals are unsuccessful, the Executive Defendants and other Parties in these cases may proceed on a common footing and timeline; if

the interlocutory appeals favor the Executive Defendants, there is the potential that they might be dismissed following a remand or some other mechanism, in which case the remaining Parties may proceed without them.

Accordingly, inasmuch as the breadth of a stay following a notice of interlocutory appeal depends on the nature of the appeal and the case, the Court finds that the issues, discovery and claims are substantially intertwined in this case to make proceeding with regard to the non-appealed aspects of the cases impracticable. Therefore, the Court will order the entire consolidated case stayed pending the Fifth Circuit's decision in the Executive Defendants' interlocutory appeals. Therefore,

**IT IS HEREBY ORDERED** that the above-entitled and numbered consolidated cases are **STAYED** until such time as the TDCJ Executive Defendants' interlocutory appeals are decided.

**So ORDERED and SIGNED this 12th day of June, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE